UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RANDOLPH BUSBY,

    Plaintiff,

v.

    Case No. 2:22-cv-10634
    Hon. Nancy G. Edmunds

NATHANIEL CARPENTER,

    Defendant.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.**

This matter is before the Court on Michael Randolph Busby's pro se civil rights complaint under 42 U.S.C. § 1983. Busby is an inmate with the Michigan Department of Corrections.

The complaint alleges that, on August 31, 2021, at the Gus Harrison Correctional Facilty, he asked corrections officer Nathanial Carpenter for paper towel so Busby could clean the inside of a microwave before heating his food. Carpenter instead "threw a large bundle of paper towels at Busby which struck him in the leg and caused him mental anguish, fear, humiliation, embarrassment and pain/bruising that he had to get medical attention for at health services." (Complaint, ECF No. 1, PageID.7.) Carpenter also yelled and cursed at Busby, and he and two other correctional officers laughed at Busby. Busby asserts that he received a "knuckle sized bruise … to left anterior thigh." (Id., PageID.8.) He seeks $500,000 in compensatory damages and $1,000,000 in punitive damages.

**II.**

1

The Court granted Busby's application to proceed without prepaying the fees and costs for this action. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III.

Busby brings his complaint under the Eighth Amendment to the United States Constitution, which "applies to the States through the Due Process Clause of the Fourteenth Amendment [and] prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991)(internal citation omitted). The "settled rule" in cases where correctional officials allegedly used excessive force on inmates is "that 'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)(quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)(quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See Whitley*, 475 U.S., at 327.

Nevertheless, not every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Whitley*, 475 U.S. at 327, 106 S. Ct., at 1088 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))(internal quotation marks omitted); *see also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

In *Hudson*, the Supreme Court determined that the beating and injuries which Hudson received from state correctional officers were not de minimis because the blows caused Hudson's face, mouth, and lip to swell. The blows also loosened Hudson's teeth and cracked his partial dental plate, rendering it useless for several months. *See Hudson*, 503 U.S. at 4, 10. Similarly, in *Hope v. Pelzer*, 536 U.S. 730 (2002), the Supreme Court determined that the Eighth Amendment was violated when prison guards handcuffed a subdued inmate to a hitching post for seven hours as punishment for disruptive conduct. The inmate was exposed to the heat of the sun while shirtless, given water only once or twice, and denied bathroom breaks. A guard also taunted the inmate about his thirst by giving water to some dogs and then intentionally spilling the contents of the water cooler in front of the inmate. The Supreme Court stated that "[t]his punitive treatment amount[ed] to gratuitous infliction of 'wanton and unnecessary' pain that [Supreme Court] precedent clearly prohibits." *Id*. at 738.

Busby alleges that Defendant threw a package of paper towels at him, and that Defendant and other corrections guards laughed and swore at him. This use of force is de minimis compared to the gratuitous conduct deemed cruel and unusual punishment in *Hudson* and *Hope*. Busby's physical injury, consisting of a knuckle-sized bruise on his thigh, was also de minimis. Most of Busby's injuries appear to be emotional. He alleges, for example, that the incident caused him mental anguish, embarrassment, fear, and humiliation. A "purely subjective complaint of embarrassment and humiliation, standing alone, does not rise to the level of egregious treatment that would support a constitutional infringement under the Eighth Amendment." *Kent v. Johnson*, 821 F.2d 1220, 1229 (6th Cir. 1987)(Krupansky, C.J., concurring in part and dissenting in part).

Further, under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act ...." A physical injury required by § 1997e(e) must be more than de minimis to support an Eighth Amendment claim based on mental or emotional suffering. *Jarriett v. Wilson*, 414 F.3d 634, 162 F. App'x 394, 400 (6th Cir. 2005); *Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001). Consequently, the small thigh bruise suffered by Busby does not support an Eighth Amendment claim for embarrassment, humiliation, and emotional trauma.

Even the unwanted touching of Plaintiff's buttock and breast during Defendant's attempt to get Plaintiff in the observation cell did not rise to the level of an Eighth Amendment violation. While the touching may have been inappropriate or unprofessional, it did not amount to wanton infliction of pain. [*8]  See Berryhill v. Schriro, 137 F.3d 1073, 1074-77 (8th Cir. 1998) (concluding that two brief touches of an inmate's buttocks by maintenance workers, unaccompanied by any sexual comments or banter, did not amount to unnecessary and wanton infliction of pain in violation of

4

the Eighth Amendment); Jackson v. Madery, 158 F. App'x 656, 661-62 (6th Cir. 2005) (concluding that a brief and isolated incident during which a correctional officer rubbed and grabbed an inmate's buttocks in a degrading and humiliating manner during a "shakedown" did not amount to cruel and unusual punishment under the Eighth Amendment).

Furthermore, Plaintiff's statement of facts suggests that Defendant's use of force was intended to maintain discipline, that is, to expeditiously escort Plaintiff from one cell to another cell and to secure her in the second cell. Plaintiff admits that she stopped to talk to another inmate while she was being escorted to the observation cell. She also admits that she was not walking or responding quickly enough for the officers. Nothing in the complaint indicates that Defendant inflicted wanton and unnecessary force on Plaintiff for the sole purpose of causing harm.

IV. Conclusion

Defendant is not liable for the actions alleged in the complaint, because his conduct did not amount to unnecessary and wanton infliction of pain in violation [*9] of the Eighth Amendment. The complaint therefore fails to state a plausible claim for which relief may be granted. The Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                                    s/ Nancy G. Edmunds
                                                    NANCY G. EDMUNDS
Dated: April 7, 2022                  United States District Court