UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RANDOLPH BUSBY, JR.,

    Plaintiff,

v.

NATHANIEL CARPENTER,

    Defendant.

_____/

Case No. 22-10634

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR RECONSIDERATION [8]**

Plaintiff Michael Randolph Busby, Jr., an inmate with the Michigan Department of Corrections, filed this pro se civil rights complaint, alleging Defendant Nathaniel Carpenter violated the Eighth Amendment of the United States Constitution when he allegedly threw a large bundle of paper towels at Plaintiff, which struck him in the leg. (ECF No. 1.)  Upon initial screening of the complaint, the Court entered an opinion and order of summary dismissal and closed the case. (ECF Nos. 5, 6.)  The matter is now before the Court on Plaintiff's motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 8.)

Rule 59(e) allows a party to move a court to alter or amend a judgment within twenty-eight days after the entry of judgment.  Relief under this rule is generally only granted to: (1) accommodate an intervening change in controlling law; (2) account for new evidence that was not previously available, or (3) correct a clear error of law or prevent manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted).

1

In its opinion and order of summary dismissal, the Court reasoned that the amount of force alleged by Plaintiff is de minimis and insufficient to give rise to a constitutional claim. Despite Plaintiff's arguments to the contrary, there is no error in this reasoning and the Court appropriately dismissed Plaintiff's Eighth Amendment claim. *See, e.g.*, *Simmons v. Brewer*, No. 18-11040, 2022 U.S. Dist. LEXIS 53849, at *13 (E.D. Mich. March 24, 2022) (finding an allegation that a grievance coordinator assaulted a prisoner with a stack of papers insufficient to state an Eighth Amendment claim).

In its previous order, the Court also cited to 42 U.S.C. § 1997e(e) and *Jarriett v. Wilson*, 414 F.3d 634 (6th Cir. 2005), to state that a physical injury must be more than de minimis to support an Eighth Amendment claim. Plaintiff now cites to the case of *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010), where the Supreme Court held that the district court erred by dismissing a prisoner's excessive force claim based only on the de minimis nature of his injuries. And while § 1997e(e) bars compensatory damages for purely emotional injuries, the Sixth Circuit has recently held that it does not prohibit a plaintiff from pursuing an Eighth Amendment claim for other forms of relief even if he does not allege a physical injury. *See Small v. Brock*, 963 F.3d 539, 543-44 (6th Cir. 2020); *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019); *see also Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003) (noting that "§ 1997e(e) may limit the relief available to prisoners who cannot allege a physical injury, but it does not bar their lawsuits altogether"). Thus, the Court will issue an amended opinion and order eliminating this basis for dismissal.

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED only to the extent the Court's previous order relies on § 1997e(e) and *Jarriett* as a basis for dismissal but DENIED in all other respects. Accordingly, the Court will issue an amended opinion and order of summary dismissal and this case will remain closed.

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: October 3, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>
Case Manager