UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RANDOLPH BUSBY,

    Plaintiff,

v.

    Case No. 2:22-cv-10634
    Hon. Nancy G. Edmunds

NATHANIEL CARPENTER,

    Defendant.

_____/

## AMENDED OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

This matter is before the Court on Michael Randolph Busby's pro se civil rights complaint under 42 U.S.C. § 1983. Busby is an inmate with the Michigan Department of Corrections.

The complaint alleges that, on August 31, 2021, at the Gus Harrison Correctional Facilty, he asked corrections officer Nathanial Carpenter for paper towel so Busby could clean the inside of a microwave before heating his food. Carpenter instead "threw a large bundle of paper towels at Busby which struck him in the leg and caused him mental anguish, fear, humiliation, embarrassment and pain/bruising that he had to get medical attention for at health services." (Complaint, ECF No. 1, PageID.7.) Carpenter also yelled and cursed at Busby, and he and two other correctional officers laughed at Busby. Busby asserts that he received a "knuckle sized bruise . . . to left anterior thigh." (*Id.* at PageID.8.) He seeks $500,000 in compensatory damages and $1,000,000 in punitive damages.

## II.

The Court granted Busby's application to proceed without prepaying the fees and costs for this action. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III.

Busby brings his complaint under the Eighth Amendment to the United States Constitution, which "applies to the States through the Due Process Clause of the Fourteenth Amendment [and] prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991) (internal citation omitted). The "settled rule" in cases where correctional officials allegedly used excessive force on inmates is "that 'the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See Whitley*, 475 U.S. at 327.

Nevertheless, not every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Whitley*, 475 U.S. at 327 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

In *Hudson*, the Supreme Court determined that the beating and injuries which Hudson received from state correctional officers were not de minimis because the blows caused Hudson's face, mouth, and lip to swell. The blows also loosened Hudson's teeth and cracked his partial dental plate, rendering it useless for several months. *See Hudson*, 503 U.S. at 4, 10. Similarly, in *Hope v. Pelzer*, 536 U.S. 730 (2002), the Supreme Court determined that the Eighth Amendment was violated when prison guards handcuffed a subdued inmate to a hitching post for seven hours as punishment for disruptive conduct. The inmate was exposed to the heat of the sun while shirtless, given water only once or twice, and denied bathroom breaks. A guard also taunted the inmate about his thirst by giving water to some dogs and then intentionally spilling the contents of the water cooler in front of the inmate. The Supreme Court stated that "[t]his punitive treatment amount[ed] to gratuitous infliction of 'wanton and unnecessary' pain that [Supreme Court] precedent clearly prohibits." *Id*. at 738.

Busby alleges that Defendant threw a package of paper towels at him, and that Defendant and other corrections guards laughed and swore at him. This use of force is de minimis compared to the gratuitous conduct deemed cruel and unusual punishment in *Hudson* and *Hope*. Busby's physical injury, consisting of a knuckle-sized bruise on his thigh, was also de minimis. Most of Busby's injuries appear to be emotional. He alleges, for example, that the incident caused him mental anguish, embarrassment, fear, and humiliation. A "purely subjective complaint of embarrassment and humiliation, standing alone, does not rise to the level of egregious treatment that would support a constitutional infringement under the Eighth Amendment." *Kent v. Johnson*, 821 F.2d 1220, 1229 (6th Cir. 1987) (Krupansky, C.J., concurring in part and dissenting in part).

### IV.

The complaint therefore fails to state a plausible claim for which relief may be granted. The Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: October 3, 2022

s/ Nancy G. Edmunds  
NANCY G. EDMUNDS  
United States District Judge