UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RANDOLPH BUSBY, JR.,

    Plaintiff,

v.

NATHANIEL CARPENTER,

    Defendant.

Case No. 22-10634

Honorable Nancy G. Edmunds

_____/

**ORDER DENYING PLAINTIFF'S REQUEST FOR AN
EXTENSION OF TIME TO APPEAL [12]**

The matter is before the Court on limited remand from the Sixth Circuit Court of Appeals to determine whether Plaintiff's time to appeal should be extended. (ECF No. 15.) For the reasons below, the Court DENIES Plaintiff's request for an extension of time.

Plaintiff Michael Randolph Busby, Jr., an inmate with the Michigan Department of Corrections, brought an Eighth Amendment claim against Defendant Nathaniel Carpenter in this pro se prisoner civil rights action. (ECF No. 1.) Upon initial screening of the complaint, the Court entered an opinion and order of summary dismissal and closed the case. (ECF Nos. 5, 6.) Plaintiff then brought a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 8.) On October 3, 2022, that motion was granted in part and denied in part, (ECF No. 9), and the Court issued an amended opinion and order of dismissal and an amended judgment, (ECF Nos. 10, 11). Plaintiff then sent a letter to the Sixth Circuit, which was received on October 25, 2022, asking to "reopen" this case. The Sixth Circuit returned that letter to him on November 7, 2022,

1

and informed him that his document could not be processed because no notice of appeal had been filed.

On November 22, 2022, Plaintiff filed his notice of appeal in this Court. (ECF No. 13.) He also sent a one-sentence "notice of expansion of time," informing the Court that he did not know how to appeal, he mistakenly sent his appeal to the Sixth Circuit, and that court had informed him how to proceed. (ECF No. 12.) Because Plaintiff's notice of appeal was late, the Sixth Circuit issued a show-cause order directing Plaintiff to explain why his appeal should not be dismissed as untimely. (6th Cir. No. 22-2065, Doc. No. 4.) In his response, Plaintiff set forth the timing of the proceedings in this Court and challenged the amended judgment as erroneous but did not further explain the circumstances of his late notice of appeal. Nonetheless, the Sixth Circuit reasoned that because Plaintiff's "notice of expansion of time" could liberally be construed as a timely motion to extend the time to appeal, a limited remand was warranted so that this Court could make a determination as to whether Plaintiff's time to appeal should be extended. (ECF No. 15.)

Under both 28 U.S.C. § 2107(c) and Federal Rule of Appellate Procedure 4(a)(5)(A), the district court may, on motion filed not later than thirty days after the time to appeal has expired, extend the time for appeal upon a showing of good cause or excusable neglect.[1] "Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of*

---

[1] Rule 4(a)(6) permits the Court to reopen the time for appeal if certain requirements are met—one of which is that the party did not receive notice of the prior judgment within a certain time period. The record shows that Plaintiff was served with the Court's judgment and there is no allegation to the contrary; thus, that subsection of the rule does not apply here.

*Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Id.* A finding of excusable neglect involves a consideration of the following factors: "'the danger of prejudice to the other party; the length of the delay and potential impact on the proceedings; the reason for the delay, including whether it was within the party's reasonable control; and whether the movant acted in good faith.'" *Williams v. Ohio Adult Parole Auth.*, No. 22-3680, 2023 U.S. App. LEXIS 1010, at *3 (6th Cir. Jan. 17, 2023) (quoting *United States v. Hills*, 27 F.4th 1155, 1172 (6th Cir. 2022)). But these factors "'do not carry equal weight;' . . . 'the excuse given for the late filing must have the greatest import.'" *Id.* at *3 (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

Here, Plaintiff has not even attempted to make a showing of excusable neglect or good cause. The only excuse given for the late notice of appeal is that he did not know how to file an appeal. But "[i]gnorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *See Nicholson*, 467 F.3d at 527 (citation omitted). This includes "mistakes by those who proceed without counsel." *See id.* In a case where a pro se prisoner attempted to file a notice of appeal within the applicable time period but did so in the wrong court, the Sixth Circuit found an appeal from the denial of his motion for an extension frivolous, reasoning that this "inadvertence" did not rise to the level of excusable neglect. *Williams*, 2023 U.S. App. LEXIS 1010, at *4. The Court similarly finds that Plaintiff's prior attempt to file an appeal by mailing a letter directly to the Sixth Circuit does not rise to the level of excusable neglect.

For the foregoing reasons, Plaintiff's request for an extension of time to appeal is DENIED.

SO ORDERED.

           s/Nancy G. Edmunds
           Nancy G. Edmunds
           United States District Judge

Dated: January 23, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2023, by electronic and/or ordinary mail.

           s/Lisa Bartlett
           Case Manager